but was not signed by Eva Svatik. Judgment was rendered against plaintiff for costs. To reverse the judgment, plaintiff brings error.

DAVID & ZILLMAN, for plaintiff in error.

LEE & LEE, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

### Abstract of the Decision.

BROKERS, § 88*—*when proof insufficient to show right to commissioners.* In an action to recover commissions for affecting a sale of real estate, it appeared that the defendant and two persons procured by plaintiff entered in what purported to be a contract for an exchange of lands which was signed by the defendant and one of the persons procured by the plaintiff, but not by the other. *Held* that plaintiff was not entitled to recover where it appeared that the two persons were tenants in common of the land to be exchanged, and there was no attempt to prove that the person not signing the contract was ready and willing to perform, except by the introduction in evidence of the partly executed agreement.

### Causetta Posey, Defendant in Error, v. William B. Graham, Plaintiff in Error.

### Gen. No. 19,081. (Not to be reported in full.)

Error to the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed March 10, 1914.

### Statement of the Case.

Action by Causetta Posey against William B. Graham on a contract giving plaintiff an option of an interest in certain lands, or a return of the amount ad-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

vanced with interest. She elected to take a return of the advancement and claimed that defendant refused to pay the money, offering instead shares of stock in a certain company. From a judgment for plaintiff, defendant brings error.

ROGERS & MAHONEY, for plaintiff in error; HOWARD M. HARPEL, of counsel.

JOHN FREDERICK HAAS, for defendant in error; HENRY LYNCH, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

## Abstract of the Decision.

CONTRACTS, § 384*—*when evidence sufficient to sustain recovery in action on contract.* In an action upon a contract giving plaintiff an option of an interest in certain lands, or a return of the amount advanced with interest, she having elected to take a return of the advancement, a verdict in her favor was *held* not to be against the weight of evidence.

---

## Gage Hotel Company and Albert S. Gage, Defendants in Error, v. Mary Kantoos and Richard M. Kantoos, trading as R. M. Kantoos & Company, Plaintiffs in Error.

### Gen. No. 19,110.

MUNICIPAL COURT OF CHICAGO, § 19*—*when court without jurisdiction to vacate judgment.* Where on August 15th a motion was made in the Municipal Court to vacate a judgment by confession entered on August 7th and overruled, and October 17th following a motion to vacate the overruling order was made and granted and defendant thereupon moved the vacation of the judgment of August 7th, which motion, after a number of continuances, was over-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.*